IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**LEO J. SCHWARTZ, III,**

    **Plaintiff,**

v.                                            No. CIV 07-1106 RB/LAM

**SOCORRO COUNTY DETENTION CENTER,**
**et al.,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on the motion for more definite statement (*Doc. 20*), filed by Defendants Socorro County Detention Center, Matejka Ray Olguin, Margaret Romero, Joe Carrillo, Bernice Vallejos and Nago Lucero.  Also before the Court are Defendant Evangel Maldonado's joinder in the motion for more definite statement (*Doc. 22*), Plaintiff's motion for extension of time (*Doc. 23*) and Plaintiff's motion for a telephone conference (*Doc. 31*).  The Court notes that after Plaintiff filed his motion for extension of time (*Doc. 23*), asking for an additional sixty days to respond to Defendants' motion for more definite statement (*Doc. 22*), he submitted a response to the motion as part of his revised amended complaint (*Doc. 26*) which mooted his motion for extension of time.

Plaintiff, who is proceeding *pro se* and *in forma pauperis*, commenced this civil rights action on November 1, 2007, by filing a complaint (*Doc. 1*).  On March 12, 2008, Plaintiff filed a motion for leave to file an amended complaint (*Doc. 14*) which the Court granted in an order (*Doc. 17*) filed on March 17, 2008.  As Defendants correctly assert in their motion for more definite statement

(*Doc. 20*), Plaintiff has failed to comply with the order (*Doc. 17*) that granted him leave to amend and which directed that "[a]ny amended complaint filed by Plaintiff should be a single, consolidated amended complaint which includes all of the claims that he wishes to bring against other parties as defendants in this case."[1]  Furthermore, Plaintiff has failed to separate his amended pleadings from his response to Defendants' motion for more definite statement (*Doc. 22*).[2]

The Court finds that Defendants' assertion that they are unable to determine which document or documents constitute Plaintiff's amended complaint to which they must respond is well-taken. Consequently, the Court will **GRANT** Defendants' motion for more definite statement (*Doc. 22*) and **Plaintiff will be allowed another opportunity to submit a single, complete, consolidated complaint expressly identifying therein all Defendants, presenting all factual allegations, and asserting all claims that he intends to bring in this action**, *without incorporating by reference any previously filed complaint, amended complaint, or revised amended complaint*.  Defendants will not be required to answer, or otherwise respond to, Plaintiff's complaint (*Doc. 1*), as amended (*Doc. 18*) or revised (*Doc. 26*), except upon further order.  **Failure to comply with this order may result in the dismissal of Plaintiff's action.**

Additionally, having reviewed Plaintiff's motion for a telephonic conference (*Doc. 31*), the Court has determined that the motion should be denied.  Defendants' motion for more definite

---

[1] On March 31, 2008, Plaintiff filed a document titled "Amended Complaint" (*Doc. 18*) which purports to amend his original complaint (*Doc. 1*) by the addition of allegations, claims and defendants to that document. On June 25, 2008, after Defendants' motion for more definite statement was filed, Plaintiff filed a document titled "Revised Amended Complaint With More Definite Statement Without Memorandum in Support" (*Doc. 26*) which purports to amend the original complaint (*Doc. 1*) a second time by incorporating by reference and amending certain provisions of the original complaint (*Doc. 1*).

[2] Plaintiff's "Revised Amended Complaint With More Definite Statement Without Memorandum in Support" (*Doc. 26*) contains both amendments to Plaintiff's original complaint (*Doc. 1*) and a response to Defendants' motion for more definite statement (*Doc. 22*).

statement (*Doc. 22*) can be resolved on the record without a hearing. Plaintiff's motion for appointment of counsel (*Doc. 29*) has already been ruled on and a hearing was not required to resolve that motion. Plaintiff's claims against Defendants related to his medical care or conditions of incarceration should be asserted in his complaint, not in a request for a telephonic hearing.

**IT IS THEREFORE ORDERED** that Defendant Maldonado's joinder in the motion for more definite statement (*Doc. 22*), entered on the docket as a motion for joinder, is **GRANTED**; Defendants' motion for more definite statement (*Doc. 20*) is **GRANTED**; and Plaintiff's motion for extension of time (*Doc. 23*) is **DENIED** as moot;

**IT IS FURTHER ORDERED** that **on or before August 15, 2008**, Plaintiff may submit *a single, complete, consolidated complaint* **expressly identifying therein all Defendants, presenting all factual allegations, and asserting all claims that he intends to bring in this action,** *without incorporating by reference any previously filed complaint (Doc. 1), amended complaint (Doc. 18) or revised amended complaint (Doc. 26)*.

**IT IS FURTHER ORDERED** that Plaintiff's motion for a telephonic conference (*Doc. 31*) is **DENIED**.

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**