IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LEO J. SCHWARTZ, III,

       Plaintiff,

v.                                                         CIV 07-1106 RB/GBW

SOCORRO COUNTY DETENTION CENTER,
JATEJKKA RAY OLGUIN, MARGARET
ROMERO, STEVEN FARMER, BERNICE
VALLEJOS, NAGO LUCERO, EVANGEL
MALDONADO, AND JOE CARRILLO,

       Defendants.

## ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

The Magistrate Judge filed his Proposed Findings and Recommended Disposition ("Report and Recommendations") on September 10, 2009. *(Doc. 79)*. Defendants filed their objections to the Report and Recommendations on September 18, 2009 *(Doc. 80)*, and Plaintiff Schwartz filed his objections on September 24, 2009 *(Doc. 81)*. The Court has reviewed the Report and Recommendations, the record *de novo*, and the parties' objections, and concurs with the Magistrate Judge's recommendation. *See Garcia v. City of Albuquerque*, 232 F.3d 760, 766-67 (10th Cir. 2000).

**Plaintiff's Objections**

Schwartz raises six objections to the Magistrate Judge's Report and Recommendations, most of which simply restate his claims presented in his Complaint. While Schwartz cites a fair amount of legal authority related to his particular claims, he does not cure the defects raised in the Report and Recommendations.

<u>Objection One</u>:

Schwartz' first objection fails because he has not alleged any facts or case law to overcome the fundamental flaws with his pleadings as described by the Magistrate Judge. Schwartz contends that his Eighth Amendment rights were violated because Socorro County Detention Center ("SCDC") does not allow inmates to use razors. However, as pointed out by the Magistrate Judge, Schwartz fails to allege how being deprived of a razor caused him serious harm. *See Doc. 79 at 18-20.* While Schwartz claims he contracted Hepatitis C from using a smuggled razor by another inmate, the Magistrate Judge correctly pointed out that this consequence is a result of Schwartz' violation of the institution's rules, not of any action by Defendants. Accordingly, his first objection is overruled.

<u>Objection Two</u>:

Having reviewed Schwartz' objection and the Report and Recommendations, I agree with the Magistrate Judge in concluding that Schwartz was given adequate clothing and bedding required under the Eighth Amendment. Schwartz has not alleged

any facts to support a claim that he was deprived of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981). Accordingly, his second objection is overruled.

Objection Three:

Having reviewed Schwartz' objection and the Report and Recommendations, I agree with the Magistrate Judge in concluding that Schwartz fails to state a claim pertaining to the food situation at SCDC. The law cited by Schwartz does not overcome the legal basis for dismissal described in the Report and Recommendations. Accordingly, his third objection is overruled.

Objection Four:

Having reviewed Schwartz' objection and the Report and Recommendations, I agree with the Magistrate Judge in concluding that Schwartz fails to state a valid Eighth Amendment claim relating to asbestos. In his objection, Schwartz states that he "has been informed by several individuals as well as some of the staff at Socorro County Detention Center that the jail had asbestos. . . ." *Doc. 81* at 7. This statement is merely conclusory and it does not sufficiently cure the legal basis for dismissal described in the Report and Recommendations. Accordingly, his fourth objection is overruled.

Fifth Objection:

Having reviewed Schwartz' fifth objection and the Report and Recommendations, I agree with the Magistrate Judge in concluding that Schwartz'

ninth claim should be dismissed. Schwartz contends that his First and Fourteenth Amendments were violated when he was not given three phone calls in compliance with N.M. Stat. Ann. § 31-1-5 upon arrival at SCDC. As described in the Report and Recommendations, the "right to make a phone call immediately upon arrest is not a recognized property right, nor is it a traditional liberty interest recognized by federal law." *Harill v. Blount County, Tenn.*, 55 F.3d 1123, 1125 (6th Cir. 1995). On the issue of the price of phone calls, none of the arguments raised in Schwartz' objection undermine the conclusion that Schwartz has failed to allege facts sufficient to state a claim that the price of making long-distance phone calls at SCDC violates his constitutional rights. Accordingly, Schwartz' fifth objection is overruled.

Objection Six:

Having reviewed Schwartz' sixth objection and the Report and Recommendations, I agree with the Magistrate Judge in concluding that Schwartz' eleventh claim should be dismissed. Neither the arguments nor the case law submitted by Schwartz overcome the legal basis for dismissal described in the Report and Recommendations. Accordingly, Schwartz' sixth objection is overruled.

## Defendants' Objections

Defendants raise five objections to the Magistrate Judge's Report and Recommendations.

Objection One:

The Court agrees that all claims against Defendant Socorro County Detention Center should be dismissed for the reasons stated in the Report and Recommendations. Therefore, Defendants' first objection is denied as moot.

Objection Two:

Having reviewed Defendants' second objection and the Report and Recommendations, the Court agrees with the analysis put forth by the Magistrate Judge. Consequently, Schwartz' Fourth Amendment claim will be dismissed against all defendants except Defendant Carrillo. With respect to Schwartz' wrongful death claim, the Court is mindful of the standing requirement under 42 U.S.C. § 1983 raised in Defendants' objections. However, because the wrongful death claim is inextricably tied to the remaining Fourth Amendment claim against Defendant Carrillo, the Court concludes that it not appropriate to dismiss it at this time.

Objections Three, Four and Five:

Having reviewed Defendants' Objections as well as the Magistrate Judge's Report and Recommendations, the Court affirms the legal analysis by the Magistrate Judge. Defendants claim that Schwartz has failed to allege against whom his fifth, sixth,

and seventh claims are being brought against. With regard to Claim Five, Schwartz states in his Complaint that he is suing "all the Defendants" in their official and individual capacities, except for Steven Farmer and Bernice Vallejos. *Doc. 36* at 20. With regard to his seventh claim, Schwartz asserts he is suing all Defendants except for Steven Farmer, Evangel Maldonado, and Bernice Vallejos. *Id.* at 27.

At this stage, Schwartz need only plead plausible facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Given that the nature of the conditions alleged for these claims (i.e. complete lack of exercise, water, lighting and ventilation problems, and complete lack of medical personnel) would be patently obvious and pervasive, there exists sufficient circumstantial evidence of knowledge by the charged defendants from which a reasonable inference of liability can be drawn. Accordingly, Defendants last three objections are overruled.

Wherefore,

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. The Magistrate Judge's Proposed Findings and Recommended Disposition (*Doc. 79*) is **ADOPTED**;

2. Defendants' Motion to Dismiss (*Doc. 61*) is **GRANTED** in part and **DENIED** in part:

    a) As to all defendants except Defendant Carrillo, Claim One is dismissed in its entirety. As to Defendant Carrillo, Schwartz' loss of business claim in Claim One is dismissed; and the remainder of Claim One is not dismissed at this time.

b) Claim Two is dismissed in its entirety.

c) Claim Three is dismissed in its entirety.

d) Claim Four is dismissed in its entirety.

e) Claim Five is not dismissed at this time; except the portion of the claim relating to asbestos which is dismissed.

f) Claim Six is not dismissed at this time; except the portion of the claim relating to Schwartz' allegations that his cell was uncomfortable and SCDC's dayroom was inadequate which is dismissed.

g) Claim Seven is not dismissed at this time; except the portion of the claim relating to Schwartz' allegations that he was denied over-the-counter medication and that he was not given his prescription medication on time which is dismissed.

h) Claim Eight is dismissed in its entirety.

i) Claim Nine is dismissed in its entirety;

j) Claim Ten is dismissed in its entirety;

k) Claim Eleven is dismissed in its entirety;

l) Claims Five, Six and Seven, while still pending against some defendants, are dismissed against Defendant Socorro County Detention Center.

*[signature]*
UNITED STATES DISTRICT JUDGE