IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LEO J. SCHWARTZ, III,

    Plaintiff,

v.                                                                          CIV 07-1106 RB/GBW

JATEJKKA RAY OLGUIN, MARGARET
ROMERO, STEVEN FARMER,
NAGO LUCERO, EVANGEL
MALDONADO, AND JOE CARRILLO,

    Defendants.

## ORDER

**THIS MATTER** is before the Court on Plaintiff's Motion to Request Copies of Transcript and For Extension of Time. *Doc. 136*. In his motion, Plaintiff requests the Court to provide a free transcript of the October 14, 2010 hearing. *Id.* He contends that he is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915,[1] and thus he should be entitled to a free copy of the transcript. *Id.* However, neither 28 U.S.C. § 1915 nor any other authority permits the use of federal funds to pay for the transcript requested by Plaintiff.

---

[1] The Court recognizes that in Schwartz's motion, he details his current assets. *Doc. 136* at 2. While that may qualify him for *in forma pauperis* status pursuant to 28 U.S.C. § 1915, as is detailed below, it does not determine whether he is entitled to a free transcript.

As the court explained in a similar case in which an indigent § 1983 Plaintiff sought the transcript of his deposition:

> An indigent plaintiff bears his own litigation expenses. *Tabron v. Grace*, 6 F.3d 147, 159 (3rd Cir. 1993). "[T]here is no statutory authority for a court to commit federal funds to pay for deposition transcripts." *Id. See Johnson v. Hubbard*, 698 F.2d 286, 289 (6th Cir. 1983) (no constitutional or statutory requirement to waive an indigent prisoner plaintiff's costs of discovery); *Douglas v. Green*, 327 F.2d 661, 662 (6th Cir.1964) (the statutory right to proceed *in forma pauperis* does not include the right to obtain copies of court orders without payment therefore); *Rivera v. DiSabato*, 962 F.Supp. 38, 40 (D.N.J. 1997) (*in forma pauperis* prisoner was not entitled to a free transcript of the deposition of him taken by defendants in a civil rights suit). Accordingly, plaintiff's motion for waiver of discovery costs will be denied.

*Dujardine v. Michigan Dept. of Corrections*, No. 1:07-CV-701, 2009 WL 3401172 at *1 (W.D. Mich. Oct. 19, 2009).

Another district court similarly held that a prisoner-plaintiff proceeding *in forma pauperis* in a civil rights action was not entitled to a free transcript of his deposition. That court held that, at least in the Third Circuit, the basic tenant that litigants must bear their own costs is in line with the PLRA and is not overwritten by the *in forma pauperis* statute:

> Indeed, it is well-settled that litigants generally bear their own litigation expenses. *Tabron v. Grace*, 6 F.3d 147, 159 (3d Cir. 1993); *Boring v. Kozakiewicz*, 833 F.2d 468, 474 (3d Cir. 1987) "There is no provision in the statute [28 U.S.C. § 1915(b)] for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant." *Tabron*, 6 F.3d at 159; *See also Johnson v. Hubbard*, 698 F.2d 286, 289 (6th Cir. 1983); *Toliver v. Community Action Commission to Help the Economy, Inc.*, 613 F.Supp. 1070, 1072 (S.D.N.Y. 1985)("[t]here [is] no clear statutory authority for prepayment of discovery costs pursuant to 1915 or otherwise").

> . . . . Despite the apparent suggestion that the information in the deposition transcripts may have been potentially helpful as probative, material information, the Third Circuit Court concluded that 28 U.S.C. § 1915 does not encompass an entitlement to copies of deposition transcripts at Government expense. *Id*. at 159.
>
> This position is consistent with the recently enacted Prison Litigation Reform Act ("PLRA"), effective April 26, 1996, which modifies 28 U.S.C. § 1915. Enacted "to relieve the pressures on the federal courts of frivolous suits by prison inmates," the Act fundamentally alters the prior statute by requiring in forma pauperis prisoners to pay all filing fees. *Martin v. United States*, 96 F.3d 853, 856 (7th Cir. 1996). Clearly, both Congress and the federal courts support the necessity for litigants to bear their own litigation expenses, and have, consequently, forged an elaborate scheme, in the PLRA, to enable even indigent litigants to do so. *Santana v. United States*, 98 F.3d 752, 754 (3d Cir. 1996).
>
> . . . . Significantly, plaintiff "attended and participated in all of the depositions and therefore was able to take notes and compile information from the live testimony." *Id*. The Third Circuit found that this consideration, coupled with the fact that plaintiff offered no viable reason for the necessity of the transcripts, was sufficient reason to deny plaintiff's request that defendants provide gratuitous copies of the deposition transcripts, in light of the general rule that "indigent litigants bear their own litigation expenses." *Id*. Hence, in this Circuit, the basic tenet, that a litigant bears the burden of financing his own litigation expenses, adheres in the great majority of cases and circumstances. *Id*.

*Rivera v. DiSabato*, 962 F.Supp. 38, 40-41 (D.N.J. 1997); *see also Levi v. Director of Corrections*, No. CIV-S020910-LKKKJMP, 2006 WL 845733 at *2 (E.D. Cal. Mar. 31, 2006) (also denying a prisoner-plaintiff's request for free deposition transcript)).

This Court finds the reasoning of these courts persuasive and applicable to a motion for a free transcript of a hearing. I will adopt it here. Nevertheless, I am inclined to give Plaintiff an audio recording of the hearing. The usual fee for such a recording is $26,

however that fee will be waived.

Wherefore,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Request Copies of Transcripts and Extension of Time (*Doc. 136*) is **DENIED**; however,

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff an audio recording of the October 14, 2010 hearing to his address of record for no charge.

_____
UNITED STATES MAGISTRATE JUDGE